Campbell Circuit Circuit Court
BROWN, LOIS ANN

Vs

Case No.:CL23000065-00
WAL MART STORES EAST, LP

| TABLE OF CONTENTS | | |
| --- | --- | --- |
| Document Index | Date Filed | Page |
| FINAL ORDER | 03/23/2023 | 1 - 2 |
| NOTICE - OF FILING OF REMOVAL | 02/14/2023 | 3 - 17 |
| SUBPOENA DUCES TECUM - ISSUED BY HAWKINS | 02/06/2023 | 18 - 20 |
| RESPONSE - TO MOTION TO TRANSFER VENU | 02/01/2023 | 21 - 26 |
| INITIAL FILING - MV: | 01/10/2023 | 27 - 32 |
| RECEIPT 1/10/2023 10:05:04 AM.pdf | | 33 - 33 |
| HENRICO COUNTY - COMPLAINT - REGISTERED AGENT - WAL MART STORES EAST, LP | 01/10/2023 | 34 - 36 |

CLERK'S OFFICE U.S. DISTRICT. COURT
AT LYNCHBURG, VA
FILED

MAR 3 1 2023
LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/23/2023
LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| LOIS ANN BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:23CV00006 |
| ) | State Court No. CL23000065-00 |
| v. ) | |
| ) | **O R D E R** |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

This case was recently removed from the Circuit Court for Campbell County to the

United States District Court for the Western District of Virginia at Lynchburg.  This court,

finding it necessary and proper to do so, hereby REQUESTS that the original case file in your

Court be forwarded to the Clerk of this court at 1101 Court Street, Room A66, Lynchburg,

Virginia 24504, or submitted through this court's Case Management and Electronic Case Filing

system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for

Campbell County.

ENTERED:  March 23, 2023

/s/ Robert S. Ballou

United States District Judge

VIRGINIA
CIRCUIT COURT
CAMPBELL COUNTY
Received and Filed this the
2ᵗʰ day of March , 20 23
VALERIE P. YOUNGER, CLERK
Teste:_____
Deputy Clerk

MIME-Version:1.0 From:ecfnoticing@vawd.uscourts.gov To:vawd_ecf_nef@vawd.uscourts.gov Bcc:
Message-Id:<4193934@vawd.uscourts.gov>Subject:Activity in Case 6:23-cv-00006-RSB Brown v.
Wal-Mart Stores East, LP Order Requesting State Court Record Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND
to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.**

### U.S. District Court

### Western District of Virginia

**Notice of Electronic Filing**
The following transaction was entered on 3/23/2023 at 1:58 PM EDT and filed on 3/23/2023

| | |
|---|---|
| **Case Name:** | Brown v. Wal-Mart Stores East, LP |
| **Case Number:** | 6:23-cv-00006-RSB |
| **Filer:** | |
| **Document Number:** | 7 |

**Docket Text:**
Order Requesting Transmittal of Case File from Campbell County Circuit Court. Signed by District
Judge Robert S. Ballou on March 23, 2023. (ca)

**6:23-cv-00006-RSB Notice has been electronically mailed to:**
Allen David Hawkins    dhawkins@overbeylaw.com
C. Kailani Memmer    kmemmer@glennrob.com, pcremeans@glennrob.com
Victor S. Skaff, III    vskaff@glennrob.com, pcremeans@glennrob.com
Chad A. Mooney    cmooney@pldrlaw.com, chudson@pldrlaw.com, jtodd@pldrlaw.com
**6:23-cv-00006-RSB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1052918722 [Date=3/23/2023] [FileNumber=4193932-0
] [6000a2153ffa0051d00e3e0aaecf5d71b402f039fa0bd413c219bd7a3fdd45b8a9d
3728e2a5b5d606ce645296b6fead5187e9dd5872c53fc90e8259c785c3082]]

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CAMPBELL

LOIS ANN BROWN,                          )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    Case No.: CL23-00065
                                         )
WAL-MART STORES EAST, LP,                )
                                         )
    Defendant.                           )

### NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on this 7th day of February, 2023, the defendant, Wal-Mart Stores East, LP ("Wal-Mart" or "the defendant"), by counsel, filed with the United States District Court for the Western District of Virginia, Lynchburg Division, a Notice of Removal of this case to said United States District Court. A copy of said Notice is attached hereto as **Exhibit 1.**

Pursuant to 28 U.S.C. § 1446(d), no further action should be taken in state court unless and until this action is remanded.

WAL-MART STORES EAST, LP

By:_____
                  Of Counsel

14th    February    23

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of February, 2023, a copy of the

foregoing Notice of Filing of Notice of Removal was mailed via first-class mail to the following:

A. David Hawkins, Esq. (VSB No. 12625)
OVERBEY, HAWKINS, WRIGHT & VANCE, PLLC
776 Village Highway
P.O. Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com

*Counsel for Plaintiff*

_____
Victor S. Skaff, III

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

LOIS ANN BROWN,              )
                                   )
      Plaintiff,             )
                                   )
v.                             )   Civil Action No.: 6:23at99999
                                   )
WAL-MART STORES EAST, LP,    )
                                   )
      Defendant.        )

### NOTICE OF REMOVAL

COMES NOW the defendant, Wal-Mart Stores East, LP ("Wal-Mart" or "the defendant"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, and files this Notice of Removal to remove this action to this Court from the Circuit Court for the County of Campbell, Virginia. In support of this Notice, the defendant states as follows:

1.      Upon information and belief, plaintiff is, and was at all times relevant hereto, a resident, citizen, and domiciliary of the Commonwealth of Virginia.

2.      At the time this action commenced, and at the time of removal, Wal-Mart Stores East, LP, was a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. The partners of Wal-Mart Stores East, LP, are WSE Management, LLC, which is a Delaware limited liability company, with its principal place of business in Bentonville, Arkansas, and WSE Investment, LLC, which is a Delaware limited liability company, with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC, is Wal-Mart Stores East, Inc., which is an Arkansas corporation with its principal place of business in Bentonville, Arkansas.



3.    The plaintiff has filed a Complaint against the defendant in the Circuit Court for the

County of Campbell, Virginia.  A copy of the plaintiff's Complaint and the defendant's Responsive

Pleading are attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446.

4.    This Notice is filed within thirty (30) days after service upon the defendant and is filed

not more than one (1) year after the commencement of this action, pursuant to 28 U.S.C. § 1446(b).

5.    This civil action is one over which this Court has original jurisdiction pursuant to 28

U.S.C. § 1332, and the amount in controversy alleged in the Complaint exceeds Seventy-Five

Thousand Dollars ($75,000.00) exclusive of interest and costs, and the action is between citizens of

different states.

6.    The defendant has given notice of the filing of the Notice of Removal to counsel for

the plaintiff and has filed a copy with the Clerk of the Circuit Court for the County of Campbell,

Virginia.

WHEREFORE, the defendant, by counsel, hereby gives notice to this Court that this action is

removed to this Court from the Circuit Court for the County of Campbell, Virginia.

WAL-MART STORES EAST, LP


/s/    Victor S. Skaff, III
                Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2023, a copy of the foregoing Notice of

Removal was electronically filed with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

A. David Hawkins, Esq. (VSB No. 12625)
OVERBEY, HAWKINS, WRIGHT & VANCE, PLLC
776 Village Highway
P.O. Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com

*Counsel for Plaintiff*

/s/     Victor S. Skaff, III
                 Of Counsel

VIRGINIA:    IN THE CIRCUIT COURT FOR THE COUNTY OF CAMPBELL

LOIS ANN BROWN,                          *
                                         *
            Plaintiff,                   *
                                         *
v.                                       *
                                         *
WAL-MART STORES EAST, LP.                *    Case No. CL23000065-00
                                         *
Serve: C T CORPORATION SYSTEM            *
Registered Office Address:               *
4701 Cox Road, Suite 285,                *
Glen Allen, Virginia 23060-6808n USA     *
Registered Agent,                        *
                                         *
            Defendant.                   *

---

## COMPLAINT

COMES NOW, the Plaintiff, Lois Ann Brown, by counsel, moves for judgement against defendant Wal-Mart Stores East LP. (Wal-Mart), on grounds and in the amount set forth below:

1.      Defendant, Wal-Mart, is a limited partnership organized under the laws of the Commonwealth of Virginia, having an office and place of business at Lynchburg, Virginia.

2.      As the owner and operator of said store, a place of business to which the general public is invited, defendant, its agents and employees had a duty to maintain the premises in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; and to warn the pubic of any such latent defects known to it, its agents and employees.

3.      Prior to the events recited below, snow and ice had accumulated in the

LAW OFFICE
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA


EXHIBIT
A

area of the Wal-Mart store where the plaintiff was injured.

4.     The defendant, having knowledge of the inclement weather and dangerous conditions in and upon its premises, engaged a local contractor to clear the parking lot entrances and driveways. However, the defendant directed the agent or contractor not to clear or administer chemicals in the area where cars were to park, but just in the areas where cars were to be driven, down the driving aisles and driving lanes.

5.     Despite being on notice of snow and ice in the parking area, the defendant made a conscious choice to save money and not put down chemicals, abrasives, or other traction/deicing substances in the parking areas where Wal-Mart directed its customer to park and exit their vehicles.

6.     The defendant had full knowledge that the parking spaces where customers would park and exit their cars would remain unscraped, untreated, and dangerous.

7.     The defendant placed no warning signs and took no steps to protect customers who would parking in parking spaces.

8.     Notwithstanding duties owed to the plaintiff, the defendant, its agents and employees negligently allowed black ice to remain in the parking lot of said premises in an area where patrons of the store customarily parked vehicles, walked, and passed while accessing the store for shopping, although defendant, its agents and employees, knew, or in the exercise of reasonable care should have known, that said area had not been cleared of snow and ice and that dangerous conditions existed.

9.     The morning of this incident the main roads leading to Wal-Mart were clear of snow and ice. The Wal-Mart parking lot appeared to the plaintiff, when driving in and

LAW OFFICE .
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

2

parking, to be clear of snow and ice. Unknown, and not obvious to the plaintiff, there was still black ice the color of the parking lot asphalt just under the area of her car when parked, and right where she would open her car door and step out.

10.    On or about the twenty-eighth day of January, 2021 in the morning, plaintiff was a customer attending said store, parker her car, and stepped out into the parking lot where the hidden defect, black ice, was located. As a direct and proximate result of defendant's negligence as aforesaid, plaintiff slipped and fell, sustaining serious injury.

11.    Upon entering the store, the store manager advised the plaintiff that he, as well, had slipped on ice and almost fallen that morning when parking his car.

12.    The store manager also advised the plaintiff that he was aware the parking spaces had not been cleared or treated.

13.    As a direct result of her fall, plaintiff has been forced to incur substantial medical and hospital bills in an effort to be cured of her injury; has suffered and continue to suffer sever physical pain and mental anguish; has been permanently disabled; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

14.    A trial by jury is demanded.


WHEREFORE, plaintiff, Lois Ann Brown, demands judgement against defendant Wal-Mart in the amount of $300,000.00 and her costs expended in this action with interest from January 28, 2021.

LAW OFFICE
OVERBEY, HAWKINS,
VRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

3

Respectfully Submitted,
**LOIS ANN BROWN**

By:_____
                                Counsel

A. David Hawkins, Esquire (VSB#12625)
Overbey, Hawkins & Wright, & Vance, PLLC
776 Village Highway
Post Office Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com
*Counsel for Plaintiff*

LAW OFFICE
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

4

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CAMPBELL

| | | |
|---|---|---|
| LOIS ANN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CL23-00065 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSIVE PLEADING

## MOTION TO TRANSFER VENUE

COMES NOW the defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, and, pursuant to §§ 8.01-264 and 8.01-265 of the *Code of Virginia*, 1950, as amended, files this Motion to Transfer Venue and, in support of its Motion, states as follows:

1.  The plaintiff alleges that she sustained personal injuries in an incident that occurred in the City of Lynchburg, Virginia. (Plaintiff's Complaint at ¶¶ 1, 10 and 13).

2.  As such, the plaintiff's cause of action arose in the City of Lynchburg, Virginia, where the incident at issue occurred.

3.  Venue is proper in the Circuit Court for the City of Lynchburg, Virginia.

4.  Venue in the Circuit Court for Campbell County, Virginia, would be inconvenient for the witnesses and parties.

WHEREFORE, Wal-Mart, by counsel, respectfully moves this Court for the entry of an Order transferring venue of this case to the Circuit Court for the City of Lynchburg, Virginia.

## ANSWER

COMES NOW the defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, and, without waiving its Motion to Transfer Venue set forth above, files this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, states as follows:

1.    Wal-Mart denies paragraph 1 of the plaintiff's Complaint, as stated.  It is admitted, however, that Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business in Arkansas.  It is further admitted that Wal-Mart Stores East, LP, operates a Walmart store located in Lynchburg, Virginia.

2.    Paragraph 2 states legal conclusions that need not be admitted or denied.  To the extent that paragraph 2 states any factual allegations against Wal-Mart, all such allegations are denied.

3.    With regard to paragraph 3, it is admitted that, prior to the plaintiff's incident, a "winter weather event" occurred at or near the premises of the Walmart store at issue.

4.    Wal-Mart denies the allegations set forth in paragraph 4, as stated.  It is admitted, however, that, prior to any of the issues associated with the plaintiff's incident, Wal-Mart engaged an independent contractor to provide snow and ice removal/treatment services at the Walmart store at issue.  It is specifically denied that Wal-Mart instructed said independent contractor as to how to perform its duties and/or to avoid certain areas of the premises.

5.    Wal-Mart denies the allegations stated in paragraph 5.

6.    Walmart denies the allegations stated in paragraph 6.

7.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 7 and, therefore, denies the same.

8.    Wal-Mart denies the allegations stated in paragraph 8.

2

9.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 9 and, therefore, denies the same.

10.   Wal-Mart denies the allegations set forth in paragraph 10, as stated. It is admitted, however, that the plaintiff was on or near the premises of the Walmart store located on Old Forest Road in Lynchburg, Virginia, on or about the date at issue.

11.   Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 11 and, therefore, denies the same.

12.   Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 12 and, therefore, denies the same.

13.   Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 13 and, therefore, denies the same.

14.   Paragraph 14 contains a jury demand that need not be admitted or denied. To the extent that paragraph 14 states any factual allegations against Wal-Mart, all such allegations are denied.

15.   All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

### Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1.    Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2.    Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3.    Wal-Mart denies breaching any legal duty owed to the plaintiff.

3

4.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8.      Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9.      Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10.     Wal-Mart demands a trial by jury.

WAL-MART STORES EAST, LP

By: _____
                        Of Counsel

4

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of January, 2023, a copy of the foregoing Responsive

Pleading was sent by first-class mail to the following:

A. David Hawkins, Esq. (VSB No. 12625)
OVERBEY, HAWKINS, WRIGHT & VANCE, PLLC
776 Village Highway
P.O. Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com

*Counsel for Plaintiff*

By: _____
Of Counsel

Law offices of

# GLENN ROBINSON CATHEY
## MEMMER & SKAFF PLC

Jane S. Glenn  (1956-2007)
Melissa W. Robinson
Mark K. Cathey
C. Kailani Memmer
Victor S. ("Dinny") Skaff, III
Johneal M. White

Kathleen Taylor Allen
Madison C. Guidry
Tonia J. Drewery
Phone: 540.776.2217
Email: vskaff@glennrob.com

February 7, 2023

Hon. Valerie R. Younger, Clerk
Campbell County Circuit Court
P.O. Box 7
Rustburg, Virginia  24588-0007

        Re:    **Lois Ann Brown v. Wal-Mart Stores East, LP**
               **Case Number:  CL23-00065**

Dear Ms. Younger:

Enclosed for filing is a Notice of Filing of Notice of Removal relating to the above-referenced matter.

Should you have any questions, or need any additional information, please do not hesitate to call.

                    Very truly yours,

                    GLENN ROBINSON CATHEY MEMMER & SKAFF

                    Victor S. Skaff, III

VSS:plc
Enclosure

cc:    A. David Hawkins (w/encl.)

**SUBPOENA DUCES TECUM (CIVIL) –**
**ATTORNEY ISSUED** VA. CODE §§ 8.01-413, 16.1-89, 16.1-265;
Commonwealth of Virginia    Supreme Court Rules 1:4, 4:9

Case No.: _____ CL23000065-00

_____ n/a
HEARING DATE AND TIME

_____ Campbell County Circuit _____ Court

732 Village Highway, Post Office Box 7, Rustburg, Virginia 24588
COURT ADDRESS

_____ Lois Ann Brown _____ **v./In re:** _____ Wal-Mart Storees East, LP.

## TO THE PERSON AUTHORIZED BY LAW TO SERVE THIS PROCESS:

You are commanded to summon

ABC 13 WSET; SERVE Scott Nichols
NAME

2320 Langhorne Road
STREET ADDRESS

_____ Lynchburg _____ Virginia _____ 24501
CITY                              STATE                              ZIP

**TO the person summoned:**  You are commanded to make available the documents and tangible things designated and described below:

Copies of any and all videos, scripts, or documentation of weather reports from January 27, 2021 from the 6:00 p.m. news broadcast.
These documents can be produced electronically through a CD.

at _____ Overbey, Hawkins, Wright & Vance, PLLC _____ at _____ February 28, 2022 @ 9:00 a.m.
LOCATION                                                                        DATE AND TIME

to permit such party or someone acting in his or her behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.

This Subpoena Duces Tecum is issued by the attorney for and on behalf of

_____ Lois Ann Brown _____
PARTY NAME

A. David Hawkins
NAME OF ATTORNEY

12625
VIRGINIA STATE BAR NUMBER

776 Village Highway, Post Office Box 38
OFFICE ADDRESS

434-332-5155
TELEPHONE NUMBER OF ATTORNEY

Rustburg, Virginia 24588
OFFICE ADDRESS

434-332-5143
FACSIMILE NUMBER OF ATTORNEY

February 2, 2022
DATE ISSUED

SIGNATURE OF ATTORNEY

**Notice to Recipient:** See page two for further information.

VIRGINIA
CIRCUIT COURT
CAMPBELL COUNTY

**RETURN OF SERVICE** (see page two of this form) Received and Filed this the
_____ day of _February_ ___ 23
VALLRIE P. YOUNGER, CLERK
Teste: _____

FORM DC-498 (MASTER, PAGE ONE OF TWO) 7/01

**TO the person summoned:**

    If you are served with this subpoena less than 14 days prior to the date that compliance with this subpoena is required, you may object by notifying the party who issued the subpoena of your objection in writing and describing the basis of your objection in that writing.

☒ This SUBPOENA DUCES TECUM is being served by a private process server who must provide proof of service in accordance with Va. Code § 8.01-325.

**TO the person authorized to serve this process:** Upon execution, the return of this process shall be made to the clerk of court.

NAME: ..................................................................................................................................................

ADDRESS: ............................................................................................................................................

..............................................................................................................................................................

| ☐ PERSONAL SERVICE | Tel. No. ............................................... |
|---|---|

Being unable to make personal service, a copy was delivered in the following manner:

☐    Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

☐    Posted on front door or such other door as appear to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐    NOT FOUND    ......................................................................., Sheriff

..................................  by.................................................................., Deputy Sheriff
DATE

## CERTIFICATE OF COUNSEL

I, _____A. David Hawkins_____ , counsel for _____Lois Ann Brown_____ , hereby certify

that a copy of the foregoing subpoena duces tecum was _____mailed_____
DELIVERY METHOD

to _C. Kailani Memmer and Victor S. Skaff, III_ , counsel of record for _____Wal-Mart Stores East LP._____,

on the ____2nd____ day of _____February_____ , ____2022____ .

_____
SIGNATURE OF ATTORNEY

**NOTICE:** Upon receipt of the subpoenaed documents, the requesting party must, if requested, provide true and full copies of those documents to any other party or to the attorney for any other party, provided the other party or attorney for the other party pays the reasonable cost of copying or reproducing those documents. This does not apply when the subpoenaed documents are returnable to and maintained by the clerk of the court in which the action is pending. Va. Code § 8.01-417

FORM DC-498 (MASTER, PAGE TWO OF TWO) 07/04



OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
Skilled Attorneys Promoting Your Recovery Since 1930

February 2, 2023

Campbell County Circuit Court
Hon. Valerie P. Younger, Clerk
Post Office Box 7
Rustburg, Virginia 24588

Re:     **Lois Ann Brown v. Wal-Mart Stores East LP.**
        **Case No. CL23000065-00**

Dear Valerie:

Enclosed please find a Subpoena *Duces Tecum* (Civil) – Attorney Issued that
was prepared on behalf of Lois Ann Brown in regard to the above-referenced matter.
The subpoena will be served by a private process server. Should you have any
questions, do not hesitate to contact me. Thank you for your assistance in this matter.

Sincerely,

A. David Hawkins

ADH/tlj
Enclosures

cc: Lois Brown
    C. Kailani Memmer, Esq.
    Victor S. Skaff, III, Esq.

---

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CAMPBELL

| | | |
|---|---|---|
| LOIS ANN BROWN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CL23-00065 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
|     Defendant. | ) | |

VIRGINIA
CIRCUIT COURT
CAMPBELL COUNTY
Received and Filed this
15t day of February, 2023
VALERIE P. YOUNGER, CLERK
Teste: _____
Deputy Clk

**RESPONSIVE PLEADING**

**MOTION TO TRANSFER VENUE**

COMES NOW the defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, and, pursuant to §§ 8.01-264 and 8.01-265 of the *Code of Virginia*, 1950, as amended, files this Motion to Transfer Venue and, in support of its Motion, states as follows:

1.    The plaintiff alleges that she sustained personal injuries in an incident that occurred in the City of Lynchburg, Virginia.  (Plaintiff's Complaint at ¶¶ 1, 10 and 13).

2.    As such, the plaintiff's cause of action arose in the City of Lynchburg, Virginia, where the incident at issue occurred.

3.    Venue is proper in the Circuit Court for the City of Lynchburg, Virginia.

4.    Venue in the Circuit Court for Campbell County, Virginia, would be inconvenient for the witnesses and parties.

WHEREFORE, Wal-Mart, by counsel, respectfully moves this Court for the entry of an Order transferring venue of this case to the Circuit Court for the City of Lynchburg, Virginia.

## ANSWER

COMES NOW the defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, and, without waiving its Motion to Transfer Venue set forth above, files this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, states as follows:

1.      Wal-Mart denies paragraph 1 of the plaintiff's Complaint, as stated.  It is admitted, however, that Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business in Arkansas.  It is further admitted that Wal-Mart Stores East, LP, operates a Walmart store located in Lynchburg, Virginia.

2.      Paragraph 2 states legal conclusions that need not be admitted or denied.  To the extent that paragraph 2 states any factual allegations against Wal-Mart, all such allegations are denied.

3.      With regard to paragraph 3, it is admitted that, prior to the plaintiff's incident, a "winter weather event" occurred at or near the premises of the Walmart store at issue.

4.      Wal-Mart denies the allegations set forth in paragraph 4, as stated.  It is admitted, however, that, prior to any of the issues associated with the plaintiff's incident, Wal-Mart engaged an independent contractor to provide snow and ice removal/treatment services at the Walmart store at issue.  It is specifically denied that Wal-Mart instructed said independent contractor as to how to perform its duties and/or to avoid certain areas of the premises.

5.      Wal-Mart denies the allegations stated in paragraph 5.

6.      Walmart denies the allegations stated in paragraph 6.

7.      Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 7 and, therefore, denies the same.

8.      Wal-Mart denies the allegations stated in paragraph 8.

9.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 9 and, therefore, denies the same.

10.    Wal-Mart denies the allegations set forth in paragraph 10, as stated.  It is admitted, however, that the plaintiff was on or near the premises of the Walmart store located on Old Forest Road in Lynchburg, Virginia, on or about the date at issue.

11.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 11 and, therefore, denies the same.

12.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 12 and, therefore, denies the same.

13.    Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 13 and, therefore, denies the same.

14.    Paragraph 14 contains a jury demand that need not be admitted or denied.  To the extent that paragraph 14 states any factual allegations against Wal-Mart, all such allegations are denied.

15.    All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

### Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1.    Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2.    Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3.    Wal-Mart denies breaching any legal duty owed to the plaintiff.

4.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8.      Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9.      Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10.     Wal-Mart demands a trial by jury.

WAL-MART STORES EAST, LP

By: _____
                        Of Counsel

4

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of January, 2023, a copy of the foregoing Responsive

Pleading was sent by first-class mail to the following:

A. David Hawkins, Esq. (VSB No. 12625)
OVERBEY, HAWKINS, WRIGHT & VANCE, PLLC
776 Village Highway
P.O. Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com

*Counsel for Plaintiff*

By: _____
                    Of Counsel

LAW OFFICES OF

# GLENN ROBINSON CATHEY
## MEMMER & SKAFF PLC

JANE S. GLENN (1956-2007)
MELISSA W. ROBINSON
MARK K. CATHEY
C. KAILANI MEMMER
VICTOR S. ("DINNY") SKAFF, III
JOHNEAL M. WHITE

KATHLEEN TAYLOR ALLEN
MADISON C. GUIDRY

PHONE: (540) 767-2217
EMAIL: VSKAFF@GLENNROB.COM

January 30, 2023

Hon. Valerie P. Younger, Clerk
Campbell County Circuit Court
P.O. Box 7
Rustburg, Virginia 24588-0007

      Re:    <u>Lois Ann Brown v. Wal-Mart Stores East, LP</u>
            Case No.: CL23-00065

Dear Ms. Younger:

Enclosed is a Responsive Pleading for filing on behalf of Wal-Mart Stores East, LP, with regard to the above-referenced matter.

Thank you for your assistance in this regard. Should you have any questions, or need any additional information, please do not hesitate to call.

           Very truly yours,

           GLENN ROBINSON CATHEY MEMMER & SKAFF PLC

           Victor S. Skaff, III

VSS:vss
Enclosure
c: A. David Hawkins, Esq. (w/encl.)

**VIRGINIA:    IN THE CIRCUIT COURT FOR THE COUNTY OF CAMPBELL**

| | | |
|---|---|---|
| **LOIS ANN BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **WAL-MART STORES EAST, LP.** | * | Case No. ___CL23000065 OD___ |
| | * | |
| **Serve: C T CORPORATION SYSTEM** | * | VIRGINIA |
| **Registered Office Address:** | * | CIRCUIT COURT |
| **4701 Cox Road, Suite 285,** | * | CAMPBELL COUNTY |
| **Glen Allen, Virginia 23060-6808n USA** | * | Received and Filed this the |
| **Registered Agent,** | * | 10th day of ___January___, 20_23_ |
| | * | VALERIE P. YOUNGER, CLERK |
| | * | Teste: _____ |
| **Defendant.** | * | Deputy Clerk |

---

## COMPLAINT

COMES NOW, the Plaintiff, Lois Ann Brown, by counsel, moves for judgement against defendant Wal-Mart Stores East LP. (Wal-Mart), on grounds and in the amount set forth below:

1.     Defendant, Wal-Mart, is a limited partnership organized under the laws of the Commonwealth of Virginia, having an office and place of business at Lynchburg, Virginia.

2.     As the owner and operator of said store, a place of business to which the general public is invited, defendant, its agents and employees had a duty to maintain the premises in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; and to warn the pubic of any such latent defects known to it, its agents and employees.

3.     Prior to the events recited below, snow and ice had accumulated in the

LAW OFFICE
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

area of the Wal-Mart store where the plaintiff was injured.

4.     The defendant, having knowledge of the inclement weather and dangerous conditions in and upon its premises, engaged a local contractor to clear the parking lot entrances and driveways. However, the defendant directed the agent or contractor not to clear or administer chemicals in the area where cars were to park, but just in the areas where cars were to be driven, down the driving aisles and driving lanes.

5.     Despite being on notice of snow and ice in the parking area, the defendant made a conscious choice to save money and not put down chemicals, abrasives, or other traction/deicing substances in the parking areas where Wal-Mart directed its customer to park and exit their vehicles.

6.     The defendant had full knowledge that the parking spaces where customers would park and exit their cars would remain unscraped, untreated, and dangerous.

7.     The defendant placed no warning signs and took no steps to protect customers who would parking in parking spaces.

8.     Notwithstanding duties owed to the plaintiff, the defendant, its agents and employees negligently allowed black ice to remain in the parking lot of said premises in an area where patrons of the store customarily parked vehicles, walked, and passed while accessing the store for shopping, although defendant, its agents and employees, knew, or in the exercise of reasonable care should have known, that said area had not been cleared of snow and ice and that dangerous conditions existed.

9.     The morning of this incident the main roads leading to Wal-Mart were clear of snow and ice. The Wal-Mart parking lot appeared to the plaintiff, when driving in and

LAW OFFICE
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

2

parking, to be clear of snow and ice. Unknown, and not obvious to the plaintiff, there was still black ice the color of the parking lot asphalt just under the area of her car when parked, and right where she would open her car door and step out.

10.    On or about the twenty-eighth day of January, 2021 in the morning, plaintiff was a customer attending said store, parker her car, and stepped out into the parking lot where the hidden defect, black ice, was located. As a direct and proximate result of defendant's negligence as aforesaid, plaintiff slipped and fell, sustaining serious injury.

11.    Upon entering the store, the store manager advised the plaintiff that he, as well, had slipped on ice and almost fallen that morning when parking his car.

12.    The store manager also advised the plaintiff that he was aware the parking spaces had not been cleared or treated.

13.    As a direct result of her fall, plaintiff has been forced to incur substantial medical and hospital bills in an effort to be cured of her injury; has suffered and continue to suffer sever physical pain and mental anguish; has been permanently disabled; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

14.    A trial by jury is demanded.


WHEREFORE, plaintiff, Lois Ann Brown, demands judgement against defendant Wal-Mart in the amount of $300,000.00 and her costs expended in this action with interest from January 28, 2021.

LAW OFFICE
OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
RUSTBURG, VIRGINIA

Respectfully Submitted,
**LOIS ANN BROWN**

By: _____
                        Counsel

A. David Hawkins, Esquire (VSB#12625)
Overbey, Hawkins & Wright, & Vance, PLLC
776 Village Highway
Post Office Box 38
Rustburg, Virginia 24588
Telephone: (434) 332-5155
Facsimile: (434) 332-5143
dhawkins@overbeylaw.com
*Counsel for Plaintiff*



OVERBEY, HAWKINS,
WRIGHT & VANCE, PLLC
Skilled Attorneys Promoting Your Recovery Since 1930

January 3, 2023

Campbell County Circuit Court
Hon. Valerie P. Younger, Clerk
Post Office Box 7
Rustburg, Virginia 24588

     **Re:**   **Lois Ann Brown v. Wal-Mart Stores East, LP.**

Dear Valerie:

    Enclosed please find the following which I would appreciate your filing with reference to the above-captioned:

    1. Cover Sheet for Filing Civil Actions;

    2. Original and two copies of a Complaint; and

    3. A check drawn payable to your order in the amount of $304.00 to cover the filing fee, for which I would appreciate your returning the receipt to me in the self-addressed, stamped envelope.

    Please forward a copy of the Complaint to Henrico County Sherriff's Department. Should you have any questions, do not hesitate to contact me.

                        Sincerely,

                        A. David Hawkins

*#3) Please find two separate checks enclosed — one for $292.00 payable to the Court, and one for $12.00 payable to Campbell County Sheriff's Office. —TLJ*

ADH/tlj
Enclosures

cc:   Lois Brown

Mailing Address: PO Box 38, Rustburg VA 24588    |    Web: www.overbeylaw.com    |    Location: 776 Village Hwy, Rustburg, VA 24588
Telephone: (434) 332-5155  Fax: (434) 332-5143    |    VA Toll Free: (800) 201-9987    |    Location: 715 Court Street, Lynchburg, VA 24504
Page 31

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. ........................................................
(CLERK'S OFFICE USE ONLY)

............................ Campbell County ............................ Circuit Court

............ Lois Ann Brown ............ v./In re: ............ Wal-Mart Stores East, LP. ............
PLAINTIFF(S)                                    DEFENDANT(S)

....................................................    ....................................................

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
 [ ] Monetary Damages
 [ ] No Monetary Damages
[ ] Counterclaim
 [ ] Monetary Damages
 [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
 [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[x] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
 [ ] ABC Board
 [ ] Board of Zoning
 [ ] Compensation Board
 [ ] DMV License Suspension
 [ ] Employee Grievance Decision
 [ ] Employment Commission
 [ ] Local Government
 [ ] Marine Resources Commission
 [ ] School Board
 [ ] Voter Registration
 [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
 [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
 [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
 [ ] Complaint – Contested*
 [ ] Complaint – Uncontested*
 [ ] Counterclaim/Responsive Pleading
 [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
 [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
 [ ] Guardian/Conservator
 [ ] Standby Guardian/Conservator
 [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
 [ ] Impress/Declare/Create
 [ ] Reformation
[ ] Will (select one)
 [ ] Construe
 [ ] Contested

## MISCELLANEOUS

[ ] Amend Death Certificate
[ ] Appointment (select one)
 [ ] Church Trustee
 [ ] Conservator of Peace
 [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
 [ ] Reinstatement pursuant to § 46.2-427
 [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
 [ ] Correct Erroneous State/Local
 [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x] Damages in the amount of $ 300,000.00 ................ are claimed.

1/3/2023
DATE

[ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR  [x] PLAINTIFF [ ] DEFENDANT

A. David Hawkins, Esq.
PRINT NAME

Post Office Box 38/776 Village Highway, Rustburg, VA 24588
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

434-332-5155

dhawkins@overbeylaw.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

Receipt : 23000000381

COURT ADDRESS:
P. O. BOX 7
RUSTBURG, VA 24588
PHONE # :434-332-9517



**OFFICIAL RECEIPT**
**CAMPBELL COUNTY CIRCUIT COURT**
**CIVIL**

**DATE :** 01/10/2023          **TIME :** 10:04:39          **CASE # :** 031CL2300006500
**RECEIPT # :** 23000000381    **TRANSACTION # :** 23011000018
**CASHIER :** LNH              **REGISTER # :** H681          **FILING TYPE :** MV          **PAYMENT :** FULL PAYMENT
**CASE COMMENTS :** BROWN, LOIS ANN v. WAL MART STORES EAST, LP
**SUIT AMOUNT :** $300,000.00
**ACCOUNT OF :** BROWN, LOIS ANN
**PAID BY :** OVERBEY HAWKINS
**CHECK :** $292.00          **CHECK NUMBER :** 10390          **CHECK :** $12.00          **CHECK NUMBER :** 10391
**DESCRIPTION 1 :** MV:MOTOR VEHICLE
**2 :** PLAINTIFF: BROWN, LOIS ANN
**3 :** NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID | | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|---|
| 049 | WRIT TAX (CIVIL) | $25.00 | | 170 | COURT TECHNOLOGY FUND | $10.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 | | 206 | SHERIFF FEES | $12.00 |
| 123 | LEGAL AID SERVICES | $9.00 | | 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 | | 304 | CIVIL FILING FEE (LAW & EQUITY) | $240.00 |

**TENDERED : $**          304.00
**AMOUNT PAID : $**          304.00

*CLERK OF COURT : VALERIE P. YOUNGER*

# COMMONWEALTH OF VIRGINIA



CAMPBELL CIRCUIT COURT
Civil Division
732 VILLAGE HWY, P. O. BOX 7
RUSTBURG  VA  24588-0007
(434) 332-9517

Proof of Service

Virginia:
In the CAMPBELL CIRCUIT COURT

Case number: 031CL23000065-00
Service number: 001
Service filed: January 10, 2023
Judge:

Served by: HENRICO COUNTY
Style of case: LOIS ANN BROWN  vs WAL MART STORES EAST, LP
Service on: WAL MART STORES EAST, LP
    SERVE: CT CORPORATION SYSTEM
    4701 COX RD
    SUITE 285
    GLEN ALLEN VA 23060

Attorney: HAWKINS, A DAVID
P O BOX 38
RUSTBURG VA 24588

Instructions:

Returns shall be made hereon, showing service of Summons issued Tuesday, January 10, 2023 with a copy of the Complaint filed Tuesday, January 10, 2023 attached.

Hearing date  :
Service issued: Tuesday, January 10, 2023

For Sheriff Use Only

VIRGINIA
CIRCUIT COURT
CAMPBELL COUNTY
Received and Filed this the
___ day of _____, 20__
VALERIE P. YOUNGER, CLERK
Teste:

NAME: WAL MART STORES EAST, LP - ATTN: CT CORPORATION SYSTEM

4701 COX RD  APT 285, HENRICO, VA. 23060

☐ PERSONAL SERVICE

☐ Being unable to make personal service, a copy was
delivered in the following manner
☐ Delivered to person found in charge of usual place of business or
employment during normal business hours and giving information to its
purport

---------------------------------------------------------------------------------

☐ Delivered to family member (not temporary sojourner or guest) age 16 or
older at usual place of abode of party named above giving information of its
purport. List name, age of recipient and relation of recipient to party named
above

---------------------------------------------------------------------------------

☐ Posted on the common door of usual place of abode, address listed above.
(Other authorized recipient not found.)
☐ Copy mailed to judgement debtor on date below after serving the
garnishee unless a different date is shown below
☐ No envelope provided

---------------------------------------------------------------------------------

☐ Evicted          ☐ Not Evicted
☒ Served on registered agent   JULIE PARRISH
☐ Not Found

☐ No Levy Required

☐ Not in this jurisdiction

| ☐ NO EFFECTS FOUND | DEPUTY SHERIFF |
|---|---|
| | *W Cone* |
| 01/18/2023<br>Date | Cone, W. - Badge #7522<br><br>FOR: Sheriff Alisa A. Gregory<br>Henrico County, Virginia |

Paper Number: 3680109
Court Case Number: 031CL23000065-00
Notes: SEE ATTACHED AUTHORIZATION

## Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

PLEASE NOTE: The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Katie Bush              Teresa Brown              Julie Parrish

This authorization does not certify the receipt or acceptance of any specific process

Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 25th day of March, 2021.

Notary Public

*(Notary seal: CORINDA NESBITT SLAUGHTER / NOTARY PUBLIC / REG # 7529659 / MY COMMISSION EXPIRES 4/30/2024 / COMMONWEALTH OF VIRGINIA)*